UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RODERICK WOODARD-WARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:14-cv-00092-DKL-TWP ) |
| CAROLYN W. COLVIN, | ) ) |
| Defendant. | ) |

# ENTRY ON JUDICIAL REVIEW

Plaintiff Roderick Woodard-Ward ("Woodard-Ward") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), denying Woodard-Ward's application for Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is **REVERSED** and **REMANDED.**

## I.  BACKGROUND

### A. Procedural History

Woodard-Ward filed an application for SSI on December 22, 2010, alleging an onset of disability of November 24, 2010. [Dkt. 20-2 at 17.] Woodard-Ward's application was denied initially on March 3, 2011, and upon reconsideration on March 30, 2011. [Id.] Woodard-Ward requested a hearing, which was held on July 12, 2012, before Administrative Law Judge Roxanne Fuller ("ALJ"). The ALJ denied Woodard-Ward's application on September 19, 2012. [Dkt. 20-2 at 14.] The Appeals Council denied

Woodard-Ward's request for review of the ALJ's decision on September 26, 2013, making the ALJ's decision final for purposes of judicial review. Woodard-Ward filed his Complaint with this Court on January 21, 2014. [Dkt. 1.]

### B. Factual Background and Medical History

Woodard-Ward was born on April 5, 1995 and was an adolescent on the date of alleged onset of disability. The ALJ found Woodard-Ward suffers from the severe impairments of borderline intellectual functioning, attention deficit hyperactivity disorder and generalized anxiety disorder, but that none met, medically equaled or functionally equaled the severity of a listed impairment. As Woodard-Ward and the ALJ thoroughly summarized the medical records, the Court will only cite to the portions relevant to the issues on which Woodard-Ward requests review.

## II. **LEGAL STANDARDS**

### A. Standard for Proving Child Disability

To determine whether a claimant under the age of 18 is disabled, the Commissioner employs a three-step sequential analysis:

1. First Commissioner must look to whether the child was performing substantial gainful activity (20 C.F.R. § 416.924(b)).

2. If the child was not, Commissioner must next determine whether the child has a severe impairment or combination of impairments (20 C.F.R. § 416.924(c)).

3. If the answer at step two is "yes," the final step is to determine whether the impairment meets or equals an impairment listed in App. 1 (20 C.F.R. § 416.924(d)). If so, the child is disabled (20 C.F.R. § 416.924(d)(1)). If not, all of the listings must be considered to decide whether the child's functional limitations are equal in severity to the functional limitations in any listing (20 C.F.R. § 416.926a(a)). That degree of severity requires that the child have

2

marked limitations in two domains of functioning or an extreme limitation in one domain (*Id.*). If Commissioner finds the child meets either standard, the child is disabled.

20 C.F.R. § 416.924(a).

"Marked" limitations are impairments that "interfere seriously with your ability to independently initiate, sustain, or complete activities," while "extreme" limitations occur with impairments that "interferes very seriously with your ability to independently initiate, sustain, or complete activities" (20 C.F.R. §§ 416. 926a (e)(2)-(3)). Domains of functioning are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself and (6) health and physical well-being (20 C.F.R. § 416.926a(b)(1)).

### B. Standard for Judicial Review

An ALJ's decision will be upheld so long as the ALJ applied the correct legal standard, and substantial evidence supported the decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may we reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th 2004). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

### III. DISCUSSION

Woodard-Ward claims the ALJ committed reversible error when he failed to identify the applicable listed impairments and discuss the evidence in light of those listings. Although the ALJ found Woodard-Ward has severe impairments of borderline intellectual functioning, attention deficit hyperactive disorder and generalized anxiety disorder, the ALJ did not cite or discuss the relevant listings. Instead, the ALJ recited a bare finding that Woodard-Ward's impairments did not meet or equal a listing then skipped to an analysis of functional equivalence. Woodard-Ward asserts the omission of an analysis of the listings warrants remand. The Court agrees.

The Seventh Circuit holds that failure to discuss evidence in light of an applicable listing leaves the court with "grave reservations as to whether [the ALJ's] factual assessment addressed adequately the criteria of the listings." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). Woodard-Ward specifically argues that the ALJ erred by not

4

discussing Listing 112.05(D) (intellectual disability) despite the fact that an IQ score fell within its requisite parameters.

Intellectual disability is defined in the listings as "significantly subaverage general intellectual functioning with deficits in adaptive functioning", while sub-section D states that the required level of severity is a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function". 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Listings) § 112.05(D). In IQ testing performed in February 2011, Woodard-Ward scored a 73 on verbal comprehension, 67 on perceptual reasoning, 88 on working memory, and 97 on processing speed, with a full-scale IQ score of 74. [Dkt. 20-8 at 8.] As the SSA uses the lowest test score under Listing 112.50, the score of 67 falls within the Listing's range. Woodard-Ward asserts that this score coupled with his diagnosis of ADHD and generalized anxiety disorder confirms his subaverage intelligence and imposes and additional and significant limitation of function, thereby satisfying the Listing requirement.

The ALJ acknowledged Woodard-Ward's IQ scores, but does not analyze the case under Listing 112.05. While it is true that an ALJ need not accept an IQ score at face value—the score must be "valid," *see Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999)—the ALJ here did not dispute the validity of the scores. *Davis ex rel. J.E.C. v. Colvin*, 2014 WL 4954470, at *9 (E.D. Wis. 2014). He simply did not address the score in light of the Listing. The Commissioner argues that the ALJ's decision can nonetheless be upheld because the same doctor that found Woodard-Ward to have a perceptual reasoning score

5

of 67 also diagnosed only borderline intellectual functioning, not mental retardation, and found he had a GAF score of 65, indicating only moderate difficulty in social, occupational or school functioning. The Commissioner also points to the fact that two state agency psychologists, taking into account Woodard-Ward's IQ scores, found he did not suffer from an impairment of listing-level severity. In combination, the Commissioner argues, this constitutes substantial evidence sufficient to support the ALJ's finding that Woodward-Ward did not meeting Listing 112.05.

But the Commissioner's argument attempts to construct a rationale never set forth by the ALJ, and the Seventh Circuit has repeatedly precluded such arguments under the *Chenery* doctrine. *See Roddy v. Astrue,* 705 F.3d 631, 637–38 (7th Cir. 2013) (citing *SEC v. Chenery Corp.,* 318 U.S. 80, 87–88 (1943)). The failure to discuss Woodard-Ward's impairments in conjunction with the listings "frustrates any attempt at judicial review … such a lack of reasoning prevents us from applying the decision structure undergirding disability determinations to a substantive analysis of [the claimant's] impairments." *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003). Based upon the other medical evidence in the record, it is possible that Woodard-Ward does not meet Listing 112.05, but the ALJ provided no reasoned path for reaching that conclusion. In the absence of any discussion to shed light on why Woodard-Ward did not meet a listing at step three, the ALJ's decision must be remanded

6

## IV. CONCLUSION

The Court is reversing the ALJ's decision primarily because he failed to properly evaluate the evidence in light of the Listings. It is the job of the ALJ, not the court, to weigh the evidence, resolve conflicts, and determine whether the claimant is disabled. *Lechner v. Barnhart*, 321 F. Supp. 2d 1015, 1037 (E.D. Wis. 2004). Therefore, the Commissioner's decision is **REVERSED** and **REMANDED** with instructions to analyze the medical evidence in consideration of whether Woodard-Ward meets a Listing, particularly Listing 112.05(D).

Date: 03/23/2015

*Denise LaRue*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Theodore Horowitz
SPECTOR & LENZ
theodorehorowitz@spectorandlenz.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov